The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on two municipal matters. Your first question is how an incorporated town fills a vacancy in the office of treasurer/recorder. The controlling statute is A.C.A. 14-45-103 (Cum. Supp. 1993), which is set out below:
 The town council shall have power to fill vacancies which may occur in elective offices of the town or on the council from qualified electors of the town, who shall hold their appointments until the next biennial election and until their successors are elected and qualified.[1]
The town council has the power to fill vacancies in elective offices, which would include the treasurer/recorder.
Your second question is as follows:
 Does the mayor, town council or other party or entity in an Arkansas town have the power to decide the vendors used by a town for purchase of gasoline, office supplies, and other minor purchases?
My research has not uncovered a statute which expressly answers this question with regard to incorporated towns. The corporate authority of an incorporated town is vested in the town council. A.C.A. 14-45-101 (1987). The mayor is "ex-officio president of the town council." A.C.A. 14-45-105
(1987). Subsection (d)(1) of A.C.A. 14-45-106 provides that: "The mayor shall: Perform all duties required of him by the ordinances of the town. . . ." It is my opinion, therefore, that absent any constitutional or statutory law on the point, the power of the mayor over the selection of vendors and the making of purchases will be dependent upon any relevant language in the town's charter, and the ordinances of the town council. See also generally 62 C.J.S. Municipal Corporations, 543.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] The 1989 amendment added the words "in elective offices of the town or" to the middle of this section.